[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-11921

Non-Argument Calendar

————————————————

VARONDRIA TREVESE WILLIAMS,

Plaintiff-Appellant,

*versus*

THE GEO GROUP, INC.,
The Geo Group, Inc.,
a Florida Corporation,
d.b.a. GEO Secure Services, LLC,

Defendant-Appellee.

———————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-81960-WM

———————————————

Before JILL PRYOR, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Varondria Williams, proceeding *pro se,* appeals from a magistrate judge's order denying her second amended motion to vacate the judgment.[1]   She raises multiple issues with the magistrate judge's discovery decisions, arguing that he improperly used her discovery violations to justify his decision to dismiss her case with prejudice.   She argues that the magistrate judge was required to recuse himself from the case.   She argues that the magistrate judge's final judgment is void, pursuant to Fed. R. Civ. P. 60(b)(4), because she was deprived of an opportunity to be heard.   She argues that the magistrate judge erred by granting in part GEO Secure Services, LLC's ("GEO") renewed motion to tax costs.   Finally, she argues that the magistrate judge abused his discretion by failing to set aside the judgment due to fraud on the court.

———————————————

[1]  Both parties entered a notice consenting "to have a U.S. Magistrate Judge conduct any and all proceedings in this case," and "to the exercise of jurisdiction by the Magistrate Judge over all further proceedings in this case, including trial and all post-judgment proceedings."  The document was signed by both parties.  *See* 28 U.S.C. § 636(c)(1).

We generally review the denial of a Rule 60 motion for abuse of discretion. *Glass v. Seaboard Coast Line R. Co.*, 714 F.2d 1107, 1109 (11th Cir. 1983). In an appeal of an order denying a Rule 60 motion, the appeal shall be limited to a determination of whether the district court abused its discretion in denying the motion, and it shall not extend to the validity of the underlying judgment. *Id.* We may affirm on any ground supported by the record. *Aaron Priv. Clinic Mgmt. LLC v. Berry*, 912 F.3d 1330, 1335 (11th Cir. 2019). Motions to set aside for voidness under Rule 60(b)(4) are subject to *de novo* review. *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 736 (11th Cir. 2014).

A notice of appeal must designate an already existing judgment or order and not one that is merely expected to be entered in the future or that is, or should be, within the appellant's contemplation when the notice of appeal is filed. *Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998).

Under Fed. R. Civ. P. 60(b)(4), the court may relieve a party from a final judgment, order, or proceeding if the judgment is void. A judgment can be set aside for voidness where the court lacked jurisdiction or where the movant was denied due process. *Stansell*, 771 F.3d at 736. A void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. *Bainbridge v. Governor of Fla.*, 75 F.4th 1326, 1335 (11th Cir. 2023). The adequacy of notice and an opportunity to be heard that may affect a party's rights turns, to a considerable extent, on the circumstances that show that such a party was aware

of the consequences of her own conduct. *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1452 (11th Cir. 1985).

Rule 60 does not limit a court's power to set aside a judgment for fraud on the court. Fed. R. Civ. P. 60(d)(3). Where relief from a judgment is sought due to fraud on the court, the fraud must be established by clear and convincing evidence. *Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir. 1987). "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978). Stated differently, the movant must show an "unconscionable plan or scheme" to improperly influence the court's decision. *Id.*

The law of the case doctrine directs a court's discretion, it does not limit the tribunal's power. *Oladeinde v. City of Birmingham*, 230 F.3d 1275, 1288 (11th Cir. 2000). "Under the law of the case doctrine, both the district court and the appellate court are generally bound by a prior appellate decision of the same case." *Jackson v. State of Alabama State Tenure Comm'n*, 405 F.3d 1276, 1283 (11th Cir. 2005). This doctrine "bars consideration of only those legal issues that were actually, or by necessary implication, decided in the former proceeding." *Id.* "Exceptions to this doctrine apply when substantially different evidence is produced, when there has been a change in controlling authority, or when the prior decision was clearly erroneous and would result in manifest injustice." *Id.*

Here, Williams's arguments relating to the magistrate judge's treatment of discovery motions and his failure to recuse himself are rejected under the law of the case doctrine. *See Jackson*, 405 F.3d at 1283. We previously determined that the magistrate judge did not abuse his discretion in any of his discovery orders based on Williams's admitted violations of the order setting discovery procedure in the case, and he did not err by failing to recuse himself.

To the extent that Williams argues that the order granting GEO's renewed motion to tax costs in part was erroneous, we reject her argument because that order was not in existence at the time that she filed her notice of appeal. *See Bogle*, 162 F.3d at 661.

Finally, we conclude that the judgment of the magistrate judge was not void, under Fed. R. Civ. P. 60(b)(4), and Williams failed to establish fraud on the court which would justify setting aside the judgment. Fed. R. Civ. P. 60(b)(4), (d)(3); *see Carlucci*, 775 F.2d at 1452; *Rozier*, 573 F.2d at 1338.

**AFFIRMED.**